UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-2144(DSD/JJG)

Steven Forslund,

       Plaintiff,

v.                                                **ORDER**

JoAnne B. Barnhart,
Commissioner of Social Security,

       Defendant.


    This matter is before the court upon plaintiff's objections to the report and recommendation of United States Magistrate Judge Jeanne Graham dated August 3, 2006. In her report, the magistrate judge recommended that plaintiff's motion for summary judgment be denied and defendant's motion for summary judgment be granted. For the following reasons, the court adopts the report and recommendation in its entirety.


**BACKGROUND**

    Plaintiff Steven Forslund's April 16, 2002, application for supplemental security income benefits was administratively denied, both initially and upon reconsideration. (AR at 25.) Following a June 14, 2004, hearing, Administrative Law Judge Michael D. Quayle ("ALJ") concluded that plaintiff was not eligible for supplemental security income benefits. (AR at 37.) When the Social Security

Appeals Council declined plaintiff's request for further administrative review, the ALJ's determination became the final decision of defendant, the Commissioner of Social Security. (AR at 10.) Plaintiff sought judicial review of the Commissioner's decision, and Magistrate Judge Graham recommends that summary judgment be granted in favor of the Commissioner. The magistrate judge found that the ALJ appropriately discounted the treating physicians' opinions and the credibility of plaintiff's complaints of pain. The magistrate judge also determined that the ALJ did not commit reversible error by refusing to order a consultative examination of plaintiff's claimed dyslexia. Ultimately, the magistrate judge concluded that the ALJ correctly found plaintiff to be ineligible for supplemental security income benefits.

**DISCUSSION**

The court reviews the report and recommendation of the magistrate judge de novo. See 28 U.S.C. § 636(b)(1)(c). The court reviews the findings and decisions of the Commissioner under the substantial evidence standard. See 42 U.S.C. §405(g); Jackson v. Bowen, 873 F.2d 1111, 1113 (8th Cir. 1989). The substantial evidence test requires an analysis of the record as a whole and a balancing of the evidence supporting the Commissioner's determination against "whatever in the record fairly detracts from its weight." Jackson, 873 F.2d at 1113 (citing Universal Camera

Corp. v. NLRB, 340 U.S. 474, 488 (1951)).  The substantial evidence test does not permit the court to "displace the [Commissioner's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo."  Universal Camera, 340 U.S. at 488; see also Hall v. Chater, 109 F.3d 1255, 1258 (8th Cir. 1997) (ALJ's findings not to be reversed merely because some evidence supports alternative conclusion).  Rather, the question before the court is whether, considering the entire record, a jury could have reasonably come to the same conclusion as the ALJ.  See Allentown Mack Sales & Serv., Inc. v. NLRB, 522 U.S. 359, 366-67 (1998).

As an initial matter, plaintiff requests that the court modify the "treating physician" rule to require that an ALJ provide standards of normality and acceptability when determining impairment under 20 C.F.R. § 416.908.  Such a modification is tantamount to rewriting existing regulations, and the magistrate judge correctly determined that the court lacks authority to do so.  Under the Administrative Procedure Act, regulation revision is not within the scope of courts reviewing agency decisions but is reserved for the agencies themselves.  See 5 U.S.C. § 706. Therefore, the magistrate judge appropriately declined to modify the treating physician rule.

Plaintiff also raises three objections to the magistrate judge's report and recommendation, and the court will address each in turn.

**I.   Opinions of Plaintiff's Treating Physicians**

Plaintiff objects to the magistrate judge's determination that he is not disabled by chronic back and migraine pain and insists that his treating physicians' opinions show otherwise. Specifically, plaintiff challenges the ALJ's reliance on non-treating, non-examining state agency medical consultants. Plaintiff cites <u>Hatcher v. Barnhart</u>, 368 F.3d 1045, 1046-47 (8th Cir. 2004), and <u>Cox v. Barnhart</u>, 345 F.3d 606, 608 (8th Cir. 2003), to assert that a non-treating, non-examining medical opinion cannot constitute substantial evidence if it is the sole medical opinion supporting denial of benefits.  However, an ALJ need not give controlling weight to opinions of treating physicians that are inconsistent with other substantial evidence in the record.  <u>See Strongson v. Barnhart</u>, 361 F.3d 1066, 1070 (8th Cir. 2004); <u>Ward v. Heckler</u>, 786 F.2d 844, 846 (8th Cir. 1986).  Plaintiff's treating physicians' opinions and records contradicted each other and other

evidence in the record.[1]  Therefore, the ALJ did not err in discounting plaintiff's treating physicians' opinions.

## II.  Plaintiff's Credibility

Plaintiff argues that the magistrate judge improperly discredited his complaints of chronic, disabling pain.  Citing Thomas v. Sullivan, 876 F.2d 666, 669 (8th Cir. 1989), plaintiff argues that a claimant need not be bedridden or perpetually in the emergency room to successfully claim benefits.  Rather, as evidence of disability, he contends that his chronic back and migraine pain is severe and resistant to all long-term treatment solutions.  Questions of credibility are for the trier of fact to decide. Dixon v. Sullivan, 905 F.2d 237, 238 (8th Cir. 1990).  In evaluating a claimant's pain and subjective complaints, an ALJ considers the factors set forth in Polaski v. Heckler, 739 F.2d

---

[1]  The magistrate judge correctly found Dr. Holth's opinions to be inconsistent with his own medical records.  (See R&R at 7-8.) While Dr. Holth opined that plaintiff's migraines made work impossible (AR at 269), he repeatedly documented that plaintiff's headache pain could be controlled by medication.  (See AR at 258, 263, 265, 268, 275, 287, 302.)  The treating physicians' opinions also contradicted each other.  Dr. Holth called plaintiff "chronically unemployable" in 2003, while in 2004 Dr. Schwender recommended a "job re-training program" so that plaintiff could become "gainfully employed."  (Compare AR at 269 with AR at 313.) Dr. Luhman's notes from a May 9, 2005, visit indicate headaches "a couple of times a week" that "totally incapacitate" plaintiff, although an April 29, 2004, Emergency Physician Record lists plaintiff's "moderate" headaches as occurring only monthly. (Compare AR at 374 with AR at 286).

1320 (8th Cir. 1984).[2]  A reviewing court defers to an ALJ's credibility determination if the ALJ's decision expressly discounts a claimant's evidence and gives good reason for doing so. Id.  The ALJ properly followed the Polaski standard and provided thorough reasoning for his decision.  (AR at 30-36).  Therefore, because substantial evidence exists in the record, the court will not disturb the ALJ's credibility determination, and plaintiff's objection is overruled.

Plaintiff further objects to the ALJ's failure to elicit testimony from plaintiff's mother about his chronic pain.  He implies that this testimony would have provided corroborating evidence of his pain and enhanced his credibility.  Plaintiff, however, offers no legal authority for the argument that the ALJ should have requested such testimony.  The court find no error in the ALJ's decision not to seek testimony from plaintiff's mother and overrules plaintiff's objection.

**III. Consultative Examination of Plaintiff's Dyslexia**

Lastly, plaintiff objects to the magistrate judge's refusal to find that the ALJ committed reversible error by not ordering a consultative examination of plaintiff's dyslexia.  Plaintiff

---

[2] Specifically, an ALJ considers the absence of supporting medical evidence; claimant's prior work record; daily activities; duration, frequency and intensity of pain; dosage, effectiveness and side effects of medication; precipitating and aggravating factors; and functional restrictions. Polaski, 739 F.2d at 1322.

asserts that without this examination the record was too incomplete for the ALJ to state a precise hypothetical to the vocational expert. The ALJ, however, did not have an "obligation to investigate a claim not presented at the time of application for benefits and not offered at the hearing as a basis for disability." Brockman v. Sullivan, 987 F.2d 1344, 1348 (8th Cir. 1993). Although plaintiff mentioned dyslexia in his application for supplemental benefits, he did not provide a professional diagnosis of such a condition or evidence that he sought treatment for that condition. In contrast to his assertions of back and migraine pain that are supported by physicians' records and opinions (see AR at 206-318), plaintiff's subjective claim of dyslexia was the only indication of the condition in the entire record. (AR at 133, 195, 218.) Further, when questioned by the ALJ at his hearing, plaintiff did not offer dyslexia as a basis for disability. (AR at 47.) Due to the paucity of evidence presented, plaintiff failed to meet his burden of establishing a claim based on dyslexia. Therefore, there was no reversible error in the ALJ's decision not to order a consultative examination of that alleged condition, and the magistrate judge correctly concluded that plaintiff was ineligible for supplemental security income benefits.

Accordingly, after a de novo review of the motions, files and administrative record in this matter, and for the reasons stated, the court adopts the report and recommendation of the magistrate judge in its entirety.

## CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for summary judgment [Docket No. 12] is denied; and

2. Defendant's motion for summary judgment [Docket No. 20] is granted.

Dated:   September 26, 2006

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court